[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
This is an appeal from the Lake County Court of Common Pleas. Appellant, Jeffrey Don Lundgren, appeals from the trial court's judgment entry dismissing his petition for postconviction relief without a hearing.
On January 5, 1990, in relation to his involvement in the deaths of Dennis and Cheryl Avery and their three children, Trina, Becky, and Karen, appellant was indicted on five counts of aggravated murder, R.C. 2903.01, and five counts of kidnapping, R.C. 2905.01. Each aggravated murder count included a death penalty specification that the offense was committed in conjunction with kidnapping, and that the offense involved the purposeful killing of two or more persons.
A jury trial commenced on August 23, 1990, and appellant was found guilty on all counts. The mitigation phase of the trial began on September 17, 1990, and the jury recommended the sentence of death. The trial court adopted the death sentence on each of the aggravated murder counts, and sentenced appellant to an indefinite term of incarceration of ten to twenty-five years on each kidnapping count, with each term to be served consecutively. This court affirmed appellant's convictions and sentences. Statev. Lundgren (Sept. 14, 1993), Lake App. Nos. 90-L-15-140 and 91-L-036, unreported. The Supreme Court of Ohio affirmed this court's judgment. State v. Lundgren (1995), 73 Ohio St.3d 474. The Supreme Court of the United States denied appellant's petition for a writ of certiorari. Lundgren v. Ohio (1996), 516 U.S. 1178.
Appellant filed a petition for postconviction relief on September 20, 1996, which included twenty-three claims for relief. Also, appellant included two claims seeking declaratory judgment that: (1) Ohio's postconviction relief statute, R.C. 2953.21, is unconstitutional; and (2) the statute of limitations of postconviction relief petitions is unconstitutional.[1]
In support of his petition, appellant attached the affidavits of Jeffrey L. Smalldon, Ph.D. ("Smalldon"), a psychologist, and James D. Owen, an attorney. After properly obtaining extensions, appellee filed a brief in opposition to appellant's petition, moving the court to dismiss the petition without a hearing. Appellant filed a reply to appellee's response, to which appellee filed a responsive memorandum. Appellee did not present any evidence in opposition to appellant's petition. In a judgment entry filed on May 2, 1997, the trial court dismissed appellant's petition without holding a hearing. Appellant timely appealed to this court, asserting the following assignments of error:
 "[1.] The trial court erred in dismissing the petition because each of the claims for relief set forth a constitutional claim upon which relief could have been granted.
 "[2.] The trial court erred in failing to afford appellant with discovery in accordance with the Civil Rules because the lack of discovery denied appellant an opportunity to develop the factual basis for his claims in violation of his rights under the Fifth, Sixth, Eighth, Ninth and Fourteenth Amendments to the United States Constitution, and Article I, Sections 1, 2, 9, 10, 16, and 20 of the Ohio Constitution.
 "[3.] The trial court erred in failing to hold a hearing on petitioner's claims of ineffective assistance of trial counsel, thus violating his rights under the Fifth, Sixth, Eighth, Ninth and Fourteenth Amendments to the United States [Constitution], and Article I, Sections 1, 2, 9, 10, 16 and 20 of the Ohio Constitution.
 "[4.] The trial court erred because its decision rendered on May 2, 1997[,] was based on an unreasonable determination of the underlying facts in light of the evidence presented and applicable law.
 "[5.] The trial court erred in dismissing the petition because the state postconviction scheme as applied offers an inadequate corrective process for the factual development, hearing and determination of claims of violation of state and federal constitutional guarantees."
In the first assignment of error, appellant asserts that the trial court erred in dismissing his petition for postconviction relief without a hearing. Appellant's petition listed the following twenty-three claims: (1) Juror Dale Dout allowed his own religious beliefs to influence the sentencing process; (2) the trial court failed to maintain a complete record of all proceedings; (3) Ohio's capital punishment scheme is unconstitutional because it results in an improper depravation of the right to life, a fundamental liberty interest; (4) appellant was denied an opportunity to rebut information presented by appellee, which was considered by the jury and trial court in imposing the sentence of death; (5) Ohio's death penalty statutory framework is unconstitutional in the manner it permits imposing the death penalty if the aggravating circumstance outweighs the mitigating factors "by the slightest amount"; (6) Ohio's capital punishment scheme is unconstitutional because it improperly places the burden of production on the defendant to establish mitigating factors; (7) the trial court refused to permit appellant to question the jury about mitigating factors during voir dire; (8) Ohio's death penalty system violates Article VI of the United States Constitution and the terms of the American Declaration of the Rights and Duties of Man; (9) the trial court erroneously instructed the jury that there is a "presumption of death" and that this instruction contributed to the imposition of the death sentence; (10) the application of the Ohio Rules of Evidence, applicable statutes, and the common law of evidence precluded the jury and the trial court from considering relevant mitigating evidence; (11) prosecutorial misconduct by leading witnesses, vouching for the credibility of witnesses, and discussing appellant's character when it was not at issue; (12) prosecutorial misconduct during closing argument; (13) ineffective assistance of counsel on the basis that counsel failed to enter a plea of not guilty by reason of insanity; (14) various other allegations of ineffective assistance of counsel; (15) various errors of law by the trial court; (16) erroneous instructions that persuaded the jury not to consider certain constitutionally relevant evidence; (17) the prosecutor commented adversely on appellant's unsworn statement; (18) the prosecutor's final argument in the penalty phase appealed to the jurors' sense of community to take vengeance on appellant; (19) through coercion of defense witnesses, the prosecutor denied appellant an opportunity to present a defense; (20) ineffective assistance of counsel based on the failure to file a motion to suppress; (21) the prosecution knowingly proffered evidence it knew to be false; (22) ineffective assistance of counsel on the basis that his trial attorneys did not object when the prosecution proffered evidence that Dennis Avery was shot in the back when the evidence clearly showed that he was shot in the chest; and (23) cumulative error.
R.C. 2953.21 provides:
 "(C) * * * Before granting a hearing on a petition [for postconviction relief] * * *, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript. * * *
"* * *
 "(E) Unless the petition and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues even if a direct appeal of the case is pending."
A petition for postconviction relief is subject to dismissal on the ground of res judicata. State v. Perry (1967), 10 Ohio St.2d 175, paragraph eight of the syllabus. Furthermore, pursuant to the axiom of res judicata:
 "* * * [A] final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at trial, which resulted in that judgment of conviction, or on an appeal from that judgment." Id. at paragraph nine of the syllabus. See, also, State v. Szefcyk (1996), 77 Ohio St.3d 93, syllabus.
In summary, any of appellant's claims that were raised on direct appeal, or could have been raised without resort to evidence dehors the record were properly dismissed on the basis of resjudicata.
Upon a review of the record, all of appellant's claims for relief that were not based on the ineffective assistance of counsel are barred by res judicata. Appellant's first, third, fourth, fifth, sixth, seventh, ninth, seventeenth, and twenty-third claims were raised in his direct appeal and/or in his direct appeal to the Supreme Court of Ohio and, therefore, are barred by res judicata. Moreover, appellant's tenth, eleventh, twelfth, fifteenth, and sixteenth causes of action were either raised on appeal or could have been raised prior to filing a postconviction relief petition; thus, they were properly dismissed under res judicata. Also, although not previously raised, appellant's second, eighth, eighteenth, nineteenth, and twenty-first claims could have been raised in the trial court or on appeal; thus, they are likewise barred by res judicata. Moreover, appellant has not supported any of these claims with evidential material dehors the record. Appellant's thirteenth, fourteenth, twentieth, and twenty-second claims are allegations of ineffective assistance of counsel and are supported by some evidence dehors the record. Therefore, they will be addressed with appellant's third assignment of error. Appellant's first assignment of error is without merit.
In the second assignment of error, appellant asserts that the trial court erred by failing to permit appellant to conduct discovery with respect to his petition for postconviction relief. However, this court has held that a petitioner is not entitled to discovery in a postconviction relief proceeding. State v.Lorraine (Feb. 23, 1996), Trumbull App. No. 95-T-5196, unreported, at 10-11; State v. Hill (June 16, 1995), Trumbull App. No. 94-T-5116, unreported, at 14. See State v. Smith (1986), 30 Ohio App.3d 138,140. In State v. Lott (Nov. 3, 1994), Cuyahoga App. Nos. 66388, 66389, 66390, unreported, at 14-15, 1994 Ohio App. LEXIS 4965, the court stated:
 "It has been held that although a post-conviction relief proceeding under R.C. 2953.21 is civil in nature, the extent of the trial court's jurisdiction is set forth by the statute, and the power to conduct and compel discovery under the civil rules is not included within the trial court's statutorily-defined authority. * * * It must be emphasized that a post-conviction relief proceeding under R.C. 2953.21 does not grant power to the trial court to authorize discovery under the Rules of Civil Procedure.
 "A post-conviction relief proceeding is not a civil re-trial of appellant's conviction. Instead postconviction relief proceedings were adopted to provide a remedy for a collateral attack upon judgments of conviction claimed to be void or voidable under the Ohio Constitution or the Constitution of the United States. * * *
 "* * * Given the dictates of the statute concerning the contents of the petition, the timing for answers or motions contained in the statute and what is to be considered by the trial court in reaching its decision to dismiss the petition or grant an evidentiary hearing, ordering compliance with the lengthy discovery procedures of the rules of civil procedure is simply not within the court's jurisdiction when hearing a petition for post-conviction relief nor would such orders be compatible with the purpose of the statute."
Accordingly, the trial court did not err in failing to order discovery. Appellant's second assignment of error lacks merit.
Because appellant's third and fourth assignments of error generally address the issue of whether the trial court erred in overruling his petition for postconviction relief without a hearing regarding his thirteenth, fourteenth, twentieth, and twenty-second claims for relief, which allege ineffective assistance of counsel, we will address them in a consolidated manner. The Supreme Court of Ohio has stated:
 "In a petition for post-conviction relief, which asserts ineffective assistance of counsel, the petitioner bears the initial burden of submitting evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness." State v. Jackson (1980), 64 Ohio St.2d 107, syllabus.
The first issue here is whether appellant's claims of ineffective assistance of counsel are barred by res judicata. InState v. Cole (1982), 2 Ohio St.3d 112, syllabus, the Supreme Court of Ohio held:
 "Where defendant, represented by new counsel upon direct appeal, fails to raise therein the issue of competent trial counsel and said issue could fairly have been determined without resort to evidence dehors the record, res judicata
is a proper basis for dismissing defendant's petition for postconviction relief."
In the present case, appellant raised the following claims of ineffective assistance of counsel: (1) the failure to enter a plea of not guilty by reason of insanity; (2) the failure to object to the admission of certain evidence; (3) the failure to file a motion to suppress a purportedly illegal wiretap; and (4) the failure to object to testimony and argument stating that appellant had shot Dennis Avery in the back when the evidence actually showed that he was shot in the chest.
Initially, in the direct appeal of this matter, this court rejected appellant's allegation of ineffective assistance regarding the failure to raise twenty-six different objections; thus, those assertions are barred by res judicata. Moreover, appellant's claims that his trial counsel's performance was deficient in failing to file a motion to suppress certain evidence obtained through wiretaps and by failing to object to evidence and argument relating to the manner in which Dennis Avery was shot could have been raised on direct appeal, and, therefore, are also barred by res judicata.
The next question is whether the assertion of ineffective assistance of counsel on the basis of the failure to enter a plea of not guilty by reason of insanity or to present such evidence during the mitigation phase of the trial is barred by resjudicata. In the instant case, appellant provided the affidavit of Jeffrey L. Smalldon, Ph.D., in which Smalldon averred that "[i]t is my opinion, * * * offered within reasonable psychological certainty, that Mr. Lundgren's clinical condition was such that he should have been seen as eligible at the time of his 1990 trial for a defense of not guilty by reason of insanity." Thus, the allegation of ineffective assistance counsel on the basis of the failure to advance a plea of not guilty by reason of insanity is supported by evidence dehors the record and could not have been raised on direct appeal. Therefore, this claim is not barred byres judicata.
The next issue is whether appellant set for substantive grounds for relief that would warrant a hearing. The test for ineffective assistance of counsel is first, whether counsel's performance was deficient, and second, whether the accused was prejudiced by the deficient representation. Strickland v. Washington (1984),466 U.S. 668, 687. In a postconviction relief proceeding, the inquiry is whether appellant set forth sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness. Jackson, 64 Ohio St.2d 107, at the syllabus. However, it is also true that a necessary element of a postconviction relief claim is that the constitutional error asserted "must have occurred at the time the petitioner was tried and convicted of a criminal offense." Statev. Powell (1993), 90 Ohio App.3d 260, 264. See, also, State v.Constant (June 26, 1998), Lake App. No. 97-L-097, unreported, at 5-6.
In the present case, appellant alleged that "his counsels' performance was deficient in preparation of the culpability and mitigation phases in that they failed to proffer a meaningful defense based upon the entry of a not guilty by reason of insanity plea and providing corroborating expert testimony in support of that defense and/or its use as a mitigating factor." However, upon a review of the record and of Smalldon's affidavit, the trial court properly denied appellant's petition on this basis as well.
Applying the first prong of Strickland, based upon the information available to appellant's trial counsel, there was no basis for the entry of a plea of not guilty by reason of insanity. During the mitigation phase of trial, a court-appointed psychologist, Nancy Schmidtgoessling, Ph.D. ("Schmidtgoessling"), testified in appellant's behalf. She stated with a reasonable degree of psychological certainty that appellant suffered from "mixed personality disorder and the predomination features are narcissistic, paranoia and anti-social traits." However, upon cross-examination, Schmidtgoessling admitted that appellant was not insane and did not suffer from a mental disease or defect. Thus, at the time of trial, appellant's trial counsel did not have access to Smalldon's evaluation, which was conducted six years later. The only expert psychological evaluation accessible to appellant's trial counsel was that of Schmidtgoessling, who testified that appellant was not insane. Thus, based upon the information available to appellant's trial counsel at the time of trial, a plea of not guilty by reason of insanity was not feasible because there was no expert testimony available to corroborate the defense. Accordingly, the trial court properly dismissed appellant's claim of ineffective assistance of counsel without conducting a hearing. Appellant's third and fourth assignments of error are not well-taken.
In the fifth assignment of error, appellant contends the failure of the trial court to provide appellant with a hearing on his petition denied him of an opportunity to develop the factual basis of his claims. Specifically, appellant contends that "the trial court without statutory authority imposed a heightened pleading standard and required [a]ppellant to meet his burden of persuasion even though he was not the moving party."
However, this assertion is inconsistent with the postconviction statutory framework. In State v. Lawson (1995), 103 Ohio App.3d 307,313, the court stated:
 "Although the Rules of Civil Procedure generally apply to postconviction proceedings, dismissals rendered under R.C. 2953.21 are different from mthose made under Civ.R. 12(B). * * * For example, unlike Civ.R. 12(B), R.C. 2953.21 requires the court to look beyond the petition and response and specifically allows the prosecution to respond by motion rather than answer. Because postconviction proceedings are statutorily created, specific requirements set out by statute take priority where they conflict with the Civil Rules."
Therefore, the trial court properly placed the burden on appellant to set forth substantive grounds for relief pursuant to R.C. 2953.21(C). As discussed in our analysis of appellant's first, third, and fourth assignments of error, appellant has failed to carry this burden.
Additionally, appellant argues that the trial court erroneously applied Civ.R. 56 to appellant's petition. However, this is not the case. A review of the trial court's judgment entry in this matter reveals that it dismissed appellant's petition for failure to set forth substantive grounds for relief pursuant to R.C.2953.21(C), and did not grant summary judgment.
Appellant's fifth assignment of error is not well-taken.
For the foregoing reasons, appellant's assignments of error are without merit. The judgment of the trial court is affirmed. _______________________________ PRESIDING JUDGE DONALD R. FORD
NADER, J.,
O'NEILL, J., concur.
[1] Appellant has not asserted any argumentation before this court in support of these declaratory judgment claims.