JOURNAL ENTRY AND OPINION
Petitioner-appellant Carla. Nelson, Sr. (appellant) appeals from the denial of his petition for post-conviction relief without hearing.
Appellant assigns the following errors for review:
 I. THE TRIAL COURT COMMITTED PREJUDICIAL REVERSIBLE ERROR BY HOLDING APPELLANT'S
POSTCONVICTION RELIEF PETITION OF
 SEPTEMBER 17, 1996, IN ABEYANCE FOR APPROXIMATELY THREE (3) YEARS UNTIL APPELLANT FILED A PETITION FOR WRIT OF MANDAMUS IN CASE NO. 76862, AND THEN PROCEEDING TO JUDGMENT ON SEPTEMBER 14, 1999, WITH AN ABSURD AND ERRONEOUS FINDINGS OF FACT AND CONCLUSIONS OF LAW IN ORDER TO HAVE SAID MANDAMUS DISMISSED AS BEING MOOT, THEREBY, CREATING AND COMPELLING APPELLANT TO PURSUE A PIECEMEAL APPEAL NOT BASED UPON A FACTUAL RECORD, WHICH DENIED APPELLANT TO A FAIR AND IMPARTIAL CONSIDERATION WHEN THE TRIAL COURT DISMISSED SAID POSTCONVICTION BASED UPON THE GROUNDS OF RES JUDICATA, AND FURTHER ADDED TO THAT PREJUDICE BY NOT SPECIFYING IN ITS JUDGMENT EXACTLY WHICH PORTIONS OF THE FILES AND RECORDS ESTABLISHED THE BAR OF RES JUDICATA, FURTHER ADDED TO THAT PREJUDICE BY NOT CONSIDERING THE EVIDENCE ATTACHED TO THE POSTCONVICTION PETITION WHICH DEHORS THE TRIAL RECORD AND OF WHICH PRESENTED PRIMA FACIE EVIDENCE OF INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL AND PROSECUTORIAL MISCONDUCT, BEING THAT THE PROSECUTOR
 WITHHELD EXCULAPATORY EVIDENCE AND KNOWINGLY PRESENTED UNCORRECTED AND/OR PERJURED TESTIMONY AT APPELLANT'S CRIMINAL TRIAL IN COMMON PLEAS CASE NO. 212590. ADDITIONALLY, THE TRIAL COURT
 COMMITTED PREJUDICIAL REVERSIBLE ERROR AND ABUSED ITS DISCRETION IN NOT CARRYING OUT ITS STATUTORILY IMPOSED DUTY AS MANDATED BY OHIO REVISED CODE 2953.21(C), THEREBY, DENYING APPELLANT OF DUE PROCESS AND EQUAL PROTECTION AS GUARANTEED TO APPELLANT BY ARTICLE 1 SECTION 2 AND 16 OF THE OHIO CONSTITUTION ALSO SEC. 10 AND THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.
 II. APPELLANT CONTINUES TO BE DEPRIVED OF HIS LIBERTY BECAUSE THE TRIAL COURT COMMITTED PREJUDICIAL REVERSIBLE ERROR AND ABUSED ITS DISCRETION, THEREBY, DENYING APPELLANT OF DUE PROCESS AND EQUAL
 PROTECTION WHEN THE TRIAL COURT FAILED TO CONSIDER AND/OR TO PROCEED TO JUDGMENT ON APPELLANT'S PRO S.E. EX PARTE MOTION SEEKING OUT AT STATE'S EXPENSE, COURT-APPOINTED EXPERT FOR THE DNA TESTING OF STATE'S EXHIBIT-17 (ALLEGE VICTIMS UNDERWEAR), WHEN IN FACT DNA IS NEWLY
 DISCOVERED AND JUDICIALLY ACCEPTED SCIENTIFIC TECHNOLOGY WHICH WAS NOT AVAILABLE IN 1985, WHEN THE ALLEGED CRIME OCCURRED, NOR AT THE TIME THAT APPELLANT WENT TO TRIAL ON OCTOBER 19, 1987, AND SAID DNA EXPERT AND DNA TESTING OF STATE'S EXHIBIT-17, AND THE RESULTS THEREOF, WOULD HAVE SUPPORTED APPELLANT'S POSTCONVICTION CLAIM NO.III, AND WOULD HAVE PRESENTED NEWLY DISCOVERED EVIDENCE DEHORS THE TRIAL RECORD AND WENT DIRECTLY TO APPELLANT'S ALIBI DEFENSE AND INNOCENCE CLAIM. THE TRIAL COURT'S INACTIONS TO CONSIDER AND/OR PROCEED TO JUDGMENT VIOLATES APPELLANT'S RIGHTS SECURED BY ARTICLE I SECTION 2, 10, 16 OF THE OHIO CONSTITUTION AND SECTION I OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.
 I.
On October 21, 1987, a jury convicted appellant of three counts of rape and one count of kidnapping. This court affirmed appellant's conviction in State v. Nelson (Mar. 27, 1989), Cuyahoga App. No. 54791, unreported. On October 24, 1989, appellant filed a motion for a new trial, claiming the state withheld exculpatory evidence showing he was at his place of employment during the time his co-defendant testified appellant had fled with him to avoid prosecution. Appellant further alleged that defense counsel was in cahoots with the prosecutor, preventing the presentation of this exculpatory evidence at trial. Therefore, appellant contended he received ineffective assistance of counsel. The trial court denied appellant's motion for a new trial as being untimely. This court refused to entertain a delayed appeal on the judgment.
On September 17, 1996, appellant filed a motion for expert assistance, asking for funds to pay the costs of a DNA expert to test the victim's clothing. Appellant wished to use the DNA evidence in support of his post-conviction relief petition filed on the same day. In his petition, appellant raised claims of ineffective assistance of counsel. Appellant averred his attorney was ineffective because he did not fully investigate appellant's alibi defense or object to the prosecutor's failure to disclose this exculpatory evidence. Appellant further argued his lawyer did not object to certain testimony at trial or file a timely motion for a new trial.
Appellant stated he was working at the time the victim and her family claimed to have met him and when the prosecution stated he was in another state to avoid apprehension. Appellant pointed out inconsistencies in testimony admitted at trial. Appellant also disputed that the photo array introduced into evidence at trial was used during the police investigation. Appellant argued that some defense witnesses were not credible and that some medical records were missing.
Appellant raised another claim in which he contended his conviction was not supported by DNA evidence. Appellant averred that, if DNA testing were done, he would be exonerated. Appellant's last claim asserted that his sentence was disproportionate to those sentenced under Senate Bill 2. Appellant attached an affidavit of verity in support of his petition. Although appellant mentions other evidence, none is attached to the petition in the file before this court. On September 19, 1999, the trial court denied appellant's petition for post-conviction relief without hearing. The trial court filed findings of fact and conclusions of law.
 II.
In his first, rather lengthy, assignment of error, appellant challenges the denial of his post-conviction relief petition for a variety of reasons. First, appellant argues that the trial court waited too long before ruling on the petition. Because appellant has not shown the result of the judgment would have been otherwise, no prejudice has been demonstrated warranting reversal. Appellant raises a number of other issues which will be addressed below.
R.C. 2953.21(A) provides:
 Any person convicted of a criminal offense or adjudged delinquent claiming that there was such a denial or infringement of his rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, may file a petition at any time in the court which imposed sentence, stating the grounds for relief upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file such supporting affidavit and other documentary evidence as will support his claim for relief.
A petition for post-conviction relief will be granted only where the denial or infringement of constitutional rights is so substantial as to render the judgment void or voidable. Relief is not available when the issue has been litigated by appeal or upon a motion for a new trial. State v. Walden (1984), 19 Ohio App.3d 141, 146. The claim must depend on factual allegations which cannot be determined by an examination of the files and records of the case. State v. Milanovich (1975),42 Ohio St.2d 46, paragraph one of the syllabus. Constitutional issues which could have been raised on appeal but were not will be barred by res judicata. State v. Perry (1967), 10 Ohio St.2d 175.
Appellant raised a claim of ineffective assistance of counsel. The doctrine of res judicata bars a claim of ineffective assistance of counsel when a defendant is represented by new counsel on direct appeal and the issue could have been determined without resort to evidence de hors the record. State v. Cole (1982), 2 Ohio St.3d 112, syllabus. Competent, relevant, and material evidence de hors the record may defeat the application of res judicata. This evidence must demonstrate that the petitioner could not have appealed the constitutional claim by use of information found in the original record. State v. Lawson (1995),103 Ohio App.3d 307. The petitioner must submit evidentiary documents which contain sufficient operative facts to demonstrate that counsel was not competent and that the defense was prejudiced by the ineffectiveness. State v. Jackson (1980), 64 Ohio St.2d 107. If the petitioner fails to meet this burden, the trial court may dismiss the petition for post-conviction relief without a hearing. Id.
As stated above, the petition in the record before this court only has appellant's affidavit of veracity attached in support. When assessing whether or not to grant a hearing, the trial court should examine the contents of the affidavits offered in support of the petition. A trial court may discount self-serving affidavits from the petitioner or his family members, identical affidavits, or affidavits which rely on hearsay as not being credible. State v. Moore (1994), 99 Ohio App.3d 748. Although a trial court should give deference to affidavits filed in support of a post-conviction relief petition, it may exercise its discretion when assessing the credibility of the affidavits. State v. Calhoun (1999), 86 Ohio St.3d 279, paragraph one of the syllabus.
Appellant's only evidence in support of his petition for post-conviction relief was an extremely brief affidavit of verity in which appellant merely averred that the representations in the petition were true. This evidence may be discounted because it is not proof which is adequate to support a post-conviction relief petition. Because appellant really offered no evidence along with his petition, the trial court correctly denied appellant's petition for post-conviction relief.
Appellant also argues that the findings of fact and conclusions of law filed by the trial court were inadequate. When a trial court denies a petition for post-conviction relief without a hearing, the trial court must issue findings of fact and conclusions of law. R.C. 2953.21(C). Those findings of fact and conclusions of law should be explicit enough to give the appellate court a clear understanding of the basis of the trial court's decision and to enable it to determine the grounds on which the trial court reached its decision. State v. Lester (1975),41 Ohio St.2d 51, at paragraph two of the syllabus. The findings of fact and conclusions of law are detailed enough to provide this court with an understanding of the basis of the trial court's decision.
Appellant's first assignment of error is overruled.
 III.
In his second assignment of error, appellant contends he is being deprived of his liberty because the trial court did not consider his motion for the appointment of an expert to conduct DNA testing. Basically, appellant asserts that this technology was not available at the time of his 1987 trial but could prove his innocence now. Appellant argues this scientific technology would exonerate him of the crime for which he was convicted.
A petition for post-conviction relief is a collateral civil attack of a judgment and not an appeal of a criminal conviction. Calhoun, supra. As such, a trial court may deny a hearing on a claim raised in a post-conviction relief petition asserting that an error was made after the original conviction. State v. Combs (1994), 100 Ohio App.3d 90. The error must have occurred at the time the petitioner was tried and convicted of the criminal offense. State v. Powell (1993),90 Ohio App.3d 260.
Appellant asked the trial court to appoint an expert to conduct a DNA analysis of evidence admitted at his criminal trial. A petitioner for post-conviction relief has no statutory right for the appointment of an expert. See State v. Trummer (Dec. 16, 1998), Columbiana App. No. 96 CO 97, unreported.
In State v. Constant (June 26, 1998), Lake App. No. 97-L-097, unreported, the Eleventh District Court of Appeals was presented with the exact argument as appellant raises in the instant case. The court rejected the claim because the alleged error did not occur at the time of the trial. Appellant's argument also must be denied for the same reason. The statute for post-conviction relief applies to alleged errors occurring at the time of the original trial. The fact that subsequent scientific techniques or technologies may have aided a defendant in presenting his defense are not grounds for a trial court to grant a petition for post-conviction relief.
Appellant's second assignment of error is overruled.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
The Defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
 ________________________ LEO M. SPELLACY, JUDGE
DIANE KARPINSKI, P.J. and JAMES D. SWEENEY, J. CONCUR.