JOURNAL ENTRY AND OPINION
The appellant, Zerick Byrd, appeals from the judgment of the Common Pleas Court, in which the lower court denied his motion to correct an illegal sentence.
On November 19, 1996, Byrd was found guilty of involuntary manslaughter while in the commission of a first-degree felony. The lower court imposed a sentence of 10 to 25 years of incarceration. Byrd appealed his conviction, and this court affirmed the conviction in State v. Byrd (Apr. 23, 1998), Cuyahoga App. No. 71798. Thereafter, on August 18, 2000, Byrd filed a Motion to Correct an Illegal Sentence with the lower court. The lower court denied said motion ruling that it was a petition for post-conviction relief and, therefore, time-barred.
For the following reasons, we affirm the decision of the lower court.
The appellant presents two assignments of error for this court's review:
 I. The court erred in ruling that defendant's motion to correct sentence was a petition for post-conviction relief.
 II. Defendant was denied due process of law when the court took no action to correct an illegal sentence.
Having a common basis in both law and fact, the appellant's assignments of error will be addressed together.
Essentially, the appellant argues that he had been illegally sentenced on November 19, 1996 because he had not been properly and legally convicted of an aggravated felony of the first degree. At most, he argues, he should have been convicted of involuntary manslaughter in the commission of a misdemeanor, which is an aggravated felony of the third degree and subject to a lesser sentence.
The appellant seeks a correction of his sentence on the basis that his constitutional rights have been violated by the sentence. Therefore, although the appellant did not caption his motion to correct an illegal sentence as a petition for post-conviction relief, it is a petition for post-conviction relief as the lower court ruled. State v. Reynolds (1997), 79 Ohio St.3d 158, 160 (where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for post-conviction relief as defined in R.C. 2953.21").
R.C. 2953.23 provides that a court may not entertain: (1) a petition filed after the expiration of the statutory time period or (2) a second petition or successive petitions for similar relief. An exception exists if the petitioner: (1) either discovers new facts or is entitled to a right newly recognized by the supreme court and (2) shows by clear and convincing evidence that, but for the constitutional error at trial, no reasonable fact finder would have found the petitioner guilty of the offense of which the petitioner was convicted. Statutorily, a petition for post-conviction relief must be filed no later than 180 days after the date on which the trial transcript was filed in the court of appeals in the direct appeal of the judgment of conviction. R.C. 2953.21(A)(2).
No exception under R.C. 2953.21 exists in the instant matter. Further, the transcript in the instant matter was filed on February 19, 1997; therefore, the appellant should have filed any claims for post-conviction relief on or before September 22, 1997. The August 18, 2000 filing of the motion to correct an illegal sentence is untimely and defective pursuant to statute. As such, and in light of the above, it is clear that the lower court did not err in denying the appellant's motion to correct an illegal sentence as the motion was in reality a time-barred petition for post-conviction relief.
Last, the appellant argues that the jury instructions given by the court were confusing and, at most, supported a conviction for involuntary manslaughter in the commission of a misdemeanor, which is an aggravated felony of the third-degree. Specifically, he argues that the jury instruction, which defined simple and felonious assault, confused the jury.
Under Crim.R. 30(A), a defendant-appellant on appeal may not assign as error the giving or the failure to give any jury instructions if defense counsel failed to object to the jury instructions before the jury retired to deliberate. Failure to object waives the issue on appeal. Boyd v. Edwards (1982), 4 Ohio App.3d 142, 151. Additionally, a defendant-appellant may not raise in a post-conviction proceeding issues which could have been raised on direct appeal. State v. Powell (1993),90 Ohio App.3d 260. Claims of constitutional abuses cannot be raised in post-conviction proceedings when they have or could have been litigated by the petitioner while represented by counsel and when those issues could have been handled on direct appeal. State v. Szefcyk (1996),77 Ohio St.3d 93.
An appellant is entitled to post-conviction relief if the court can find that there was such a denial or infringement of his or her rights as to render the judgment void or voidable under the Ohio Constitution or the United States Constitution. Perry at 175. Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceedings, except an appeal from that judgment, any defense or claimed lack of due process that was raised by the defendant at the trial, which resulted in that judgment of conviction, or an appeal from that judgment. Reynolds at 161.
In reviewing the record in the instant case, the jury found the appellant guilty of involuntary manslaughter in the death of Richard Butler as a proximate result of committing or attempting to commit a serious physical harm. There is no evidence to indicate that the jury instructions were unclear or confusing to the jury. This court can only conclude that reasonable jurors would not have been confused as to the distinction between simple assault and felonious assault; therefore, they were able to deliberate and enter the appropriate finding upon the verdict forms provided.
As the appellant failed to object to the jury instructions, the instant assignments of error have not been properly preserved for appeal. Additionally, the doctrine of res judicata bars the appellant from attempting to relitigate the instant matter as the issues presented should have been argued on direct appeal. Therefore, the appellant's appeal is not well taken.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, P.J., AND ANNE L. KILBANE, J., CONCUR.