JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.Rep.Op. 3(A).
Petitioner-appellant Nathaniel J. Richardson, Jr., has appealed the trial court's denial, without a hearing, of his petition for postconviction relief. Richardson has raised seven assignments of error, which essentially allege that his trial counsel was ineffective and that the prosecutor committed misconduct by withholding evidence and tampering with evidence.
The evidence presented at the criminal trial showed that Richardson was in a small grocery store when the victim approached Richardson and asked him for a quarter. When Richardson refused, the victim began to curse at him. Richardson left the store, but quickly reentered. The victim's back was turned to Richardson. Richardson walked past the victim, turned, and approached the victim from behind. Richardson then drew a gun and shot the victim in the back of the head, killing him. The shooting and the events surrounding it were recorded by the store's security camera on audio/video tape.
Richardson alleges that the police and the prosecution tampered with the tape of the shooting. He has not submitted any evidence in support of this claim apart from his self-serving affidavit, which is insufficient to establish his claim. See State v.Kapper (1983), 5 Ohio St. 3d 36, 448 N.E.2d 823. Claims for postconviction relief must meet a threshold level of cogency and consist of more than "mere hypothesis." See State v. Tibbetts
(Mar. 30, 2001), 1st Dist. No. C-000303; State v. Coleman (Mar. 17, 1993), 1st Dist. No. C-900811. His claim of evidence tampering was entirely hypothetical and "too speculative to warrant an evidentiary hearing." See id.
With respect to Richardson's claim that the prosecution "withheld" evidence, issues involving evidence that was known to exist at the time of trial could have been raised at trial or on direct appeal, and, therefore, they are barred by res judicata. See State v. Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 104. Further, Richardson has failed to establish that the prosecution withheld any evidence favorable to him.
To prevail on his claims of ineffective assistance of trial counsel, Richardson had to submit evidentiary documents containing sufficient operative facts to demonstrate that his counsel's performance fell below an objective standard of reasonableness and that counsel's performance prejudiced him. SeeStrickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052;State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373;State v. Jackson (1980), 64 Ohio St.2d 107, 413 N.E.2d 819. In order to establish prejudice, Richardson had to demonstrate that his trial counsel's deficient performance "so undermined the proper functioning of the adversarial process that the trial could not have produced a just result." See State v. Powell
(1993), 90 Ohio App.3d 260, 629 N.E.2d 13, citing Lockhart v.Fretwell (1993), 506 U.S. 364, 113 S.Ct. 838, and Strickland,
supra.
Richardson has submitted no documents to support his claims of ineffective assistance of counsel other than his own self-serving affidavit, which is entitled to little weight. See Kapper,
supra.
Richardson has failed to overcome the presumption that, under the circumstances, the failure to call certain unnamed witnesses might have been sound trial strategy. See State v. Brown
(1988), 38 Ohio St.3d 305, 528 N.E.2d 523. Further, Richardson has not demonstrated that the testimony of any of these unnamed witnesses would have affected the outcome of the trial.
Richardson's assertions that trial counsel was ineffective because counsel failed to show that the police and the prosecution had tampered with evidence and failed to procure and introduce into evidence an "unaltered" audio/video tape of the shooting are speculative and completely unsupported by any documentation.
We hold that Richardson's petition for postconviction relief does not support his claims of ineffective assistance of counsel. The trial court did not err in dismissing the petition. The assignments of error are overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Winkler, P.J., Doan and Sundermann, JJ.