**The STATE of Ohio, Appellee,**

**v.**

**POWELL, Appellant.**

[Cite as *State v. Powell* (1993), 90 Ohio App.3d 260.]

Court of Appeals of Ohio,
Hamilton County.

No. C–920539.

Decided Aug. 11, 1993.

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, *Christian J. Schaefer* and *L. Susan Laker,* Assistant Prosecuting Attorneys, for appellee.

*James Kura,* Ohio Public Defender, *Cynthia Yost* and *Randall Porter,* Assistant Public Defenders, for appellant.

*Per Curiam.*

Petitioner Tony M. Powell appeals from the order denying his petition for postconviction relief pursuant to R.C. 2953.21. The petition was filed on June 6, 1991. The trial court held an evidentiary hearing on only the tenth of Powell's thirty-five causes of action. After finding from the evidence presented at that hearing that there was no basis for sustaining the claim that Powell suffered from organic brain damage, the court gave the parties the opportunity to submit memoranda and proposed findings of fact. The state filed its memorandum on May 12, 1992, and the petitioner filed his objections to the memorandum on June 10, 1992. The trial court journalized its findings of fact and conclusions of law and its entry denying relief on all thirty-five causes of action on June 12, 1992.

In this appeal, Powell advances ten assignments of error. Because none of these assignments is well taken, we affirm the judgment of the trial court.

### Assignment of Error No. 1

In his first assignment of error, Powell argues that the trial court erred by adopting verbatim the prosecution's findings of fact and conclusions of law. This argument has been raised many times before this court in postconviction proceedings and we have held, as we do now, that the trial court's adoption of the findings of fact and conclusions of law submitted by the state does not, by itself, deprive the petitioner of a meaningful review of his petition for postconviction relief and does not constitute error in the absence of demonstrated prejudice. See, *e.g., State v. Van Hook* (Oct. 21, 1992), Hamilton App. No. C–910505, unreported, 1992 WL 308350; *State v. Zuern* (Dec. 4, 1991), Hamilton App. No. C–900481, unreported, 1991 WL 256497; *State v. Bueke* (Aug. 14, 1991), Hamilton App. No. C–900178, unreported, 1991 WL 155219. See, also, R.C. 2953.21(C). Accordingly, the first assignment of error is overruled.

### Assignment of Error No. 2

In his second assignment of error, Powell challenges the trial court's refusal to grant him relief on his tenth cause of action, in which he alleged that his judgment of conviction was void or voidable when considered in light of certain newly discovered evidence that he suffered from organic brain damage. The newly discovered evidence upon which Powell relied was initially presented to the trial court in an affidavit offered in support of the petition for postconviction relief. According to the affidavit, a neuropsychologist who had examined Powell following his conviction had concluded, on the basis of various testing and a review of court psychiatric records, that Powell had an "organic mental

syndrome, not otherwise specified" that caused him to lack substantial capacity to appreciate the criminality of his conduct or to conform his conduct to the requirements of the law.[1]

In the apparent belief that such evidence, if given credibility, would have provided substantive grounds for granting postconviction relief, the trial court elected to conduct a hearing on Powell's tenth cause of action so that a factual determination could be made with regard to whether Powell actually suffered from brain damage. After assessing the weight of the testimony presented at the hearing and reviewing the record of the trial that resulted in Powell's conviction for aggravated murder, the court found that there was, in fact, no brain damage, and concluded, therefore, that Powell was not entitled to postconviction relief on the basis of the newly discovered evidence.

Powell now devotes a considerable portion of his argument, under the second assignment of error, to an attack on the factual determination made at the postconviction hearing. By proceeding in this manner, he has either assumed that his newly discovered evidence was, in law, sufficient to give rise to a right to postconviction relief or left us to flesh out the details of an otherwise inchoately articulated theory for voiding his conviction on the basis of such evidence. We are not persuaded that the argument has any merit, particularly when it is measured against the appropriate statutory standard for determining what justifies the granting of postconviction relief in a particular case.

■ Under R.C. 2953.21, success on a postconviction claim is dependent upon a showing that "there was such a denial or infringement of [the petitioner's] rights" in the proceedings that resulted in his conviction that the conviction has been rendered void or voidable[2] under either the Ohio Constitution or the United States Constitution. It is manifest from the terms of the statute that two elements are of fundamental importance: the violation upon which the petitioner relies to establish his right to relief must be of constitutional dimension, and it must have occurred at the time the petitioner was tried and convicted of a criminal offense. The absence of either element in a given case is, in law, fatal to a postconviction claim.

---

1. The psychologist framed his opinion with the terms used in R.C. 2929.04(B)(3) to define one of the mitigating factors that weigh against the imposition of the death penalty.

2. A clear definition for the term "voidable" has yet to be given by the Ohio Supreme Court in the context of proceedings for postconviction relief. It would appear, from a reading of R.C. 2953.21, that a voidable judgment is meant to be one obtained only at the cost of a constitutional error resulting in prejudice to the rights of the accused.

In the case *sub judice*, the trial court concluded that Powell was not entitled to postconviction relief because it chose not to believe, on the basis of its assessment of the newly discovered evidence, that Powell did, in fact, suffer from organic brain damage. Without deciding whether such a determination can be given any legal significance as a predicate for adjudicating Powell's tenth cause of action, we conclude that there are more compelling reasons for upholding the denial of relief on the state of this record.

Central to our analysis is the task of defining the nature of the claim asserted in the tenth cause of action. If, as the petition states, the claim is founded essentially upon newly discovered evidence, we are aware of no persuasive legal authority in Ohio standing for the proposition that evidence relevant to a mitigating factor recognized by statute in death-penalty cases, when discovered only after a defendant has been convicted and sentenced to death, can be given retroactive effect to make the conviction void or voidable. In the absence of such authority, we hold that subsequently discovered evidence is legally insufficient to provide substantive grounds for postconviction relief, because it does not, standing alone, demonstrate a constitutional violation in the proceedings that actually resulted in the conviction.

In our judgment, for the evidence cited as the basis for the tenth cause of action to provide any meaningful support for a triable postconviction claim, it would have to be argued not that such evidence was newly discovered, but that it was or should have been available when Powell was tried and convicted, and that it was not considered at that time due to some error on the part of the trial judge or some deficiency in the performance of defense counsel.[3] Viewed in this light, the evidence would at least be linked logically, for postconviction purposes, to a claimed violation occurring within the appropriate context of the trial that actually led to Powell's conviction.

■ If we liberally construe the tenth cause of action to advance the claim that evidence of organic brain damage was not considered at Powell's trial due to an error on the part of the trial judge, it must be held to fail as a matter of law for two reasons. First, there is absolutely no indication in this record that the judge directly prevented such evidence from being introduced at trial, or that he would

---

3. We note that there is, in law, a third ground for attacking a judgment on a constitutional plane as a result of an alleged failure to get relevant evidence before the trier of fact in a criminal prosecution. This ground has been recognized as a form of prosecutorial misconduct in cases where the state withholds evidence favorable to the accused with respect to matters of either guilt or sentencing. See *Brady v. Maryland* (1963), 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215. We do not address the existence of such prosecutorial misconduct here, because, in our view, there is no way Powell's tenth cause of action can reasonably be construed to assert a *Brady* claim.

have ruled such evidence inadmissible if it has been tendered in Powell's defense.[4] Second, to the extent that it might be argued that the judge indirectly frustrated the presentation of such evidence by denying Powell's motion for the appointment of an expert to explore the existence of possible brain damage, assertion of the claim is now barred by the doctrine of *res judicata,* because the issue of Powell's right to expert assistance was or should have been fully litigated at the trial or on direct appeal from the judgment of the conviction. See *State v. Perry* (1967), 10 Ohio St.2d 175, 39 O.O.2d 189, 226 N.E.2d 104.

■ The only other claim that may be said to arise from a liberal construction of the tenth cause of action is that evidence of organic brain damage was not considered at Powell's trial due to the ineffective assistance of defense counsel. If ineffective assistance is indeed the essence of the claim, we hold that Powell has failed to demonstrate a right to relief because there is nothing in this case, either in the original trial record or in the material offered in support of the postconviction petition, to allow reasonably for the conclusion that trial counsel, by failing to present evidence of brain damage prior to Powell's conviction, so undermined the proper functioning of the adversarial process that the trial could not have reliably produced a just result. See *Lockhart v. Fretwell* (1993), 506 U.S. ——, 113 S.Ct. 838, 122 L.Ed.2d 180; *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. The original trial record, rather than providing any benefit to Powell in this respect, actually serves to negate any triable claim to the extent that it reflects that defense counsel made reasonable efforts under the circumstances to obtain mitigating evidence for their indigent client by moving for and presenting vigorous argument in support of the appointment of expert assistance to explore the issue of brain damage. That evidence of such brain damage was ultimately found by a psychologist who examined Powell some four years after his conviction, in our judgment, does not otherwise cast sufficient doubt on the adequacy of Powell's representation so as to give rise to a triable claim of ineffective assistance. For all the foregoing reasons, we conclude that judgment was properly entered against Powell on his tenth cause of action. His second assignment of error is, accordingly, without merit.

### Assignment of Error No. 3

In his third assignment of error, Powell argues that the trial court erred by denying him relief on his eleventh cause of action, which alleged that the trial court improperly replaced a juror with an alternate juror who had been told by

---

**4.** As the Ohio Supreme Court noted in its review of Powell's conviction on direct appeal, "Of course, the trial court did not exclude or refuse to consider any relevant evidence." *State v. Powell* (1990), 49 Ohio St.3d 255, 259, 552 N.E.2d 191, 196–197.

the trial court that he could discuss the case with other alternate jurors while the jury was in deliberations. Powell reasons that the alternate juror brought with him the views of the other alternate jurors when he began deliberations with the jury.

We conclude, as did the trial court, that this claim is based entirely on material in the record and could have been raised at trial or on appeal. Accordingly, this claim is barred under the doctrine of *res judicata*. *Perry, supra*. The third assignment of error is overruled.

### Assignment of Error No. 4

In his fourth assignment of error, Powell argues that the trial court erred in denying him relief on his fifteenth cause of action, which alleged that his constitutional rights were violated when he was sentenced on two counts of aggravated murder when only one homicide was involved.

We hold that this claim was raised on appeal and, consequently, is barred by the doctrine of *res judicata*. *Perry, supra*. The fourth assignment of error is overruled.

### Assignment of Error No. 5

In his fifth assignment of error, Powell asserts that the trial court erred by denying him relief on his nineteenth, twenty-first, twenty-third, thirtieth and thirty-first causes of action. All of these causes of action address the constitutionality of the death penalty, particularly Ohio's death-penalty scheme, and challenge appellate review of the death sentence. No evidence *dehors* the record was submitted in support of these claims. The trial court concluded that these claims were raised or could have been raised during the trial, at sentencing or on direct appeal and were, therefore, barred by the doctrine of *res judicata*. As our review of the record supports this conclusion, we uphold the denial of relief on these causes of action.

We note, furthermore, that a claim challenging appellate review of the imposition of the death penalty is not cognizable in a petition for postconviction relief. The trial court, as an inferior court, has no jurisdictional basis on which it can review the actions and decisions of superior courts. *Van Hook, supra*. The fifth assignment of error is overruled.

### Assignment of Error No. 6

In his sixth assignment of error, Powell argues that the trial court erred by denying him relief on his sixth, seventh, eighth, ninth, twentieth, twenty-fifth and thirtieth causes of action. We will exam each cause of action separately.

Powell's sixth cause of action alleged ineffective assistance of counsel for failing to secure a neuropsychologist, or other competent expert to present evidence or organic brain damage. It fails as a matter of law to provide substantive grounds for the granting of postconviction relief for reasons we have already given in our response to Powell's second assignment of error.

In his seventh cause of action, Powell asserted that the trial court erred in denying his request for a continuance prior to mitigation so that he could present mitigating evidence of organic brain damage. This claim was raised at trial and on appeal before this court and the Ohio Supreme Court. This claim is barred by the doctrine of *res judicata. Perry, supra.*

In his eighth cause of action, Powell argued that the trial court erred in denying his requests for a psychiatrist, psychologist and neuropsychologist. Powell alleged that the reason the court denied his request for a neuropsychologist was "solely because he was an indigent." Moreover, Powell submitted no evidence *dehors* the record to support his claim. This claim was raised on appeal and, consequently, is barred by *res judicata.*

Powell's ninth cause of action, that the trial court abused its discretion by not granting a continuance and by failing to appoint a neuropsychologist, is merely a restatement of his seventh and eighth causes of action and fails for the same reasons as set forth above.

In his twentieth cause of action, Powell alleged that his conviction was void or voidable "because the aggravating circumstance does not outweigh the mitigating factors beyond a reasonable doubt and the sentence of death is not appropriate." As we see it, there are two identifiable components in the casting of this cause of action. To the extent that the terms used in the petition may be construed to assert a conventional weighing claim with respect to sentencing, postconviction relief is barred by the doctrine of *res judicata,* because the claim involves issues that were fully addressed, as a matter of statutory mandate, not only at Powell's original trial, but also at the two levels of state appellate review that arose directly from the judgment of conviction. To its remaining extent, with respect to its claim of inappropriateness, the cause of action is plainly founded upon the same substantive matters brought into question by the construction we have already given to Powell's tenth cause of action. For the same reasons set forth in our assessment of the merits of that cause of action, we conclude here that relief was properly denied on the separately stated but substantively indistinguishable claim that the sentence of death was inappropriate.

Powell's twenty-fifth cause of action alleged error in the trial court's sentencing opinion. This claim could have been raised at trial or on appeal and is, therefore, barred by the doctrine of *res judicata. Perry, supra.*

In his thirtieth cause of action, Powell argued that the trial court's preclusion of organic brain damage as a mitigating factor flawed the weighing process used by the court in sentencing him and, consequently, flawed the process used by the appellate court in reviewing his sentence. This claim is one which could have been raised at trial or on appeal and is barred by *res judicata. Perry, supra.* Moreover, as discussed above, a claim challenging appellate review of the sentencing process cannot be raised in a postconviction proceeding. *Van Hook, supra.* There being no appropriate grounds for granting relief on the thirtieth cause of action, or on the sixth, seventh, eighth, ninth, twentieth and twenty-fifth causes of action, we overrule the sixth assignment of error.

### Assignment of Error No. 7

In his seventh assignment of error, Powell argues that the trial court erred in failing to consider his claim of ineffective assistance of appellate counsel. The trial court held that such a claim could not be considered in a postconviction proceeding.

We affirm the decision of the trial court upon the authority of *State v. Murnahan* (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204, and our long-standing decision in *State v. Rone* (Aug. 31, 1983), Hamilton App. No. C–820640, unreported, 1983 WL 5172. The Ohio Supreme Court stated in the first syllabus paragraph of *Murnahan, supra,* that "[c]laims of ineffective assistance of appellate counsel are not cognizable in post-conviction proceedings pursuant to R.C. 2953.21." *Murnahan* also established what remedies are available to a defendant who intends to bring such a claim. Consequently, the seventh assignment of error is overruled.

### Assignment of Error No. 8

In his eighth assignment of error, Powell alleges that the trial court erred when it denied him relief when each of his thirty-five causes of action set forth a constitutional violation upon which relief should have been granted. We note that causes of action six through eleven, fifteen, nineteen through twenty-three, twenty-five, thirty and thirty-one were disposed of in our discussion above. Consequently, we will not address them again.

The trial court concluded that Powell's causes of action one through five, twelve, fourteen, sixteen through eighteen, twenty-four, twenty-six through twenty-nine and thirty-two presented claims which were or could have been raised during the trial, at sentencing or on direct appeal and were, therefore, barred by the doctrine of *res judicata.* See *Perry, supra.* As our review of the record supports this conclusion, we concur with the trial court as to the disposition of

these claims. The remaining causes of action, thirteen and thirty-three through thirty-five, will be addressed below.

In his thirteenth cause of action, Powell asserted that he was denied effective assistance of counsel at his trial. Powell cited numerous instances where he alleged that he was prejudiced by counsel's performance. To substantiate a claim that counsel's performance is ineffective, a defendant must submit evidentiary documents containing sufficient operative facts to demonstrate a substantial violation of an essential duty by counsel and that the defense was prejudiced by counsel's performance. *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, certiorari denied (1990), 497 U.S. 1011, 110 S.Ct. 3258, 111 L.Ed.2d 768; *State v. Jackson* (1980), 64 Ohio St.2d 107, 18 O.O.3d 348, 413 N.E.2d 819.

In the first two instances, paragraphs 85(A) and 85(B), Powell cited as error counsel's voir dire of prospective jurors. No evidentiary documents were offered in support of the alleged error. We conclude that Powell has failed to demonstrate counsel's violation of an essential duty in the voir dire of the jury.

In paragraph 86(A), Powell asserted the same claim that was raised in his sixth cause of action, which we have already discussed in the sixth assignment of error. In view of our holding in response to the sixth assignment, there is no reason to review the matter again.

In paragraph 86(B), Powell charged that counsel failed to investigate and present certain mitigation evidence concerning his disadvantaged upbringing. In support of this claim, Powell offered the affidavits of various family members and a number of records and reports of social agencies which had been involved in his treatment for behavioral problems throughout his youth.

Our review of the record, including the testimony and evidence offered during the trial and at the mitigation hearing, demonstrates to us that trial counsel presented a competent and meaningful theory of mitigation. The additional evidence offered now is merely cumulative to that presented at trial. Powell has demonstrated no violation of an essential duty by his trial counsel during the mitigation phase of his trial.

Powell also alleged that counsel was ineffective during the penalty phase of the trial for the following reasons:

"Paragraph 87(A): Counsel failed to object when the court instructed the jury on all statutory mitigating factors.

"Paragraph 87(B): Counsel failed to object when the prosecutor asked Dr. Schmidtgoessling if Powell ever showed remorse.

"Paragraph 87(C): Counsel failed to request the court to instruct the jury that the sentences for defendant's convictions for kidnapping and attempted rape could run consecutively to a life sentence imposed on defendant.

"Paragraph 87(D): Counsel failed to object to the court's instruction that the death sentence was merely a recommendation."

Powell offered no evidentiary documents supporting his claims of ineffectiveness as to the instances above and, therefore, failed to demonstrate counsel's deficient performance or how he was prejudiced. Consequently, we hold that Powell's thirteenth cause of action was properly found to be meritless.

Powell's thirty-third cause of action alleged cumulative error based on all the other causes of action. We reject this claim based upon our assessment of his other causes of action individually.

■■■ In his thirty-fourth and thirty-fifth causes of action, Powell argued that his indictment was returned by an improperly constituted grand jury and was based on inadequately presented evidence, and that the grand jury proceedings were not transcribed. Powell has offered no explanation of these claims and has not submitted evidentiary documents to support any of the claims. We conclude, therefore, that relief was properly denied on his thirty-fourth and thirty-fifth causes of action. Powell's eighth assignment of error is overruled.

### Assignment of Error No. 9

■■■ In his ninth assignment of error, Powell contends that the trial court erred in granting the state's motion to dismiss. The Ohio Supreme Court has stated that a petition for postconviction relief shall be dismissed where the pleadings, affidavits, files and other records demonstrate that there is no genuine issue as to any material fact and petitioner has failed to establish any substantial constitutional issue. *State v. Milanovich* (1975), 42 Ohio St.2d 46, 71 O.O.2d 26, 325 N.E.2d 540, paragraph two of the syllabus. As our discussion above illustrates, Powell has failed to demonstrate that any of his assignments of error has merit. Consequently, we hold that the trial court did not err in granting the state's motion to dismiss. The ninth assignment of error is overruled.

### Assignment of Error No. 10

■■■ In his tenth and final assignment of error, Powell asserts that he has been denied the opportunity for an adequate appeal in violation of the Due Process Clause of the Fourteenth Amendment. Specifically, he argues that the fifty-page limit on his appellate brief has denied him an "adequate corrective process." We overrule this assignment of error on the authority of *State v. Zuern, supra,* in which we wrote that a page-limitation claim is unrelated to

272

anything which occurred at trial and, therefore, is not cognizable in an action for postconviction relief. Accordingly, the tenth assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

SHANNON, P.J., DOAN and M.B. BETTMANN, JJ., concur.