OPINION
Defendant-appellant Rocky L. Roberts, Jr. appeals the July 7, 1999 Entry of the Guernsey County Court of Common Pleas which denied his Petition for Post-Conviction Release. The State of Ohio is plaintiff-appellee.
STATEMENT OF THE CASE AND FACTS, Appellant was convicted and sentenced on two counts of attempted rape on January 21, 1998, after a jury returned guilty verdicts on December 19, 1997. The victim, Valerie Hayes, was seven years old at the time of the alleged offenses. On June 17, 1999, appellant filed a Petition for Post-Conviction Release pursuant to R.C. 2953.21. Appellant predicated his argument on the fact Valerie had acknowledged she lied at trial and conceded nothing of a sexual nature occurred between her and appellant. The petition was supported by an affidavit of Patricia Hayes, Valerie's mother, in which Hayes averred Valerie admitted she had lied. The trial court denied appellant's petition without a hearing via Entry filed July 7, 1997. Therein, the trial court concluded appellant's petition sought relief based upon a claim of actual innocence which is not justiciable under R.C. 2953.21 (citing State v. Tolbert (Dec. 12, 1997), Hamilton App. No. C-960944, unreported) and also because, as a matter of law, appellant failed to demonstrate substantive grounds for post-conviction relief after review of the record of the trial. It is from the July 7, 1999 Entry appellant prosecutes this appeal assigning as error:
 THE TRIAL COURT'S JUDGMENT DENYING THE APPELLANT'S PETITION FOR POST CONVICTION RELIEF, WITHOUT AN EVIDENTIARY HEARING WAS REVERSIBLE ERROR. THE COURT'S ACTION WAS AN ABUSE OF DISCRETION AND A DENIAL OF THE DUE PROCESS OF LAW.
This case comes to us on the accelerated calendar. App. R. 11.1, which governs accelerated calendar cases, provides, in pertinent part: (E) Determination and judgment on appeal. The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form.
This appeal shall be considered in accordance with the aforementioned rule. We agree with Judge Elwood and our brethren from the First District, appellant's claim is not justiciable in an action brought under R.C. 2953.21. See, Tolbert, supra. See also, State v. Reeves (Nov. 19, 1997), Hamilton App. No. C-961003, unreported; State v. Combs (1994), 100 App.3d 90; and State v. Powell (1993), 90 Ohio App.3d 260. Appellant's sole assignment of error is overruled.
The judgment of the Guernsey County Court of Common Pleas is affirmed.
By: Hoffman, J. Gwin, P.J. and Edwards, J. concur