DECISION.
{¶ 1} The state of Ohio presents on appeal a single assignment of error, in which it contends that the Hamilton County Common Pleas Court erred in granting petitioner-appellee Ramone Anderson's petition for postconviction relief. We affirm the judgment of the common pleas court.
 {¶ 2} On the evening of February 1, 2001, a man dressed in a hooded sweatshirt and armed with a handgun shot Shawn Howard. Five days later, Howard identified Anderson as his assailant from a group of photographs gathered by the police depicting individuals known to frequent the area of the shooting. Anderson was arrested and charged in the shooting with two counts of felonious assault and a single count of having a weapon under a disability. He waived a jury trial on the charge of having a weapon under a disability, and in August of 2001, he proceeded to a trial before a jury on the two felonious-assault charges.
 {¶ 3} The state, in response to the defense's discovery demand, had listed as a prospective witness Marcus Sneed, one of Shawn Howard's companions on the evening of the shooting. The state subpoenaed Sneed to appear at Anderson's trial, but failed to personally serve him or to otherwise secure his appearance. Consequently, only Howard and the police officer who had investigated the shooting testified for the prosecution at Anderson's trial on the felonious-assault charges.
 {¶ 4} Counsel appointed to represent Anderson had filed, prior to trial, a notice of the defense's intention to present an alibi defense. Anderson's mother supplied this alibi by testifying at trial, as the defense's sole witness, that Anderson had been with her on the night in question.
 {¶ 5} The jury found Anderson guilty of a single count of felonious assault, the trial court found him guilty of having a weapon under a disability, and the court sentenced him as appears of record. Anderson appealed, and we affirmed the judgment of conviction.[1] He did not appeal our judgment to the Ohio Supreme Court.
 {¶ 6} Anderson also filed a petition for postconviction relief pursuant to R.C. 2953.21. In his petition, he contended that he had been denied the effective assistance of trial counsel, when his appointed counsel had failed to interview or to secure the exculpatory testimony of Marcus Sneed. The common pleas court denied the petition without an evidentiary hearing. On appeal, we held that the court had erred in doing so, and we remanded the matter for a hearing.[2] On remand, based upon the evidence adduced at the hearing, the common pleas court granted Anderson relief from his judgment of conviction. The state has appealed.
 {¶ 7} An appellate challenge to a trial court's disposition of a postconviction petition presents a mixed question of law and fact. The appellate court must accept the common pleas court's findings of fact if the findings are supported by some competent, credible evidence; the court then reviews de novo the lower court's conclusions of law.[3]
 {¶ 8} To prevail on a claim of ineffective assistance of counsel, a postconviction petitioner must demonstrate (1) that his counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced him.[4] To establish prejudice, the petitioner must demonstrate that counsel's deficient performance "so undermined the proper functioning of the adversarial process that the trial could not have reliably produced a just result."[5]
 {¶ 9} At the hearing on his postconviction petition, Anderson offered the testimony of his trial counsel and of Marcus Sneed. Based upon the evidence adduced at the hearing, the common pleas court made the following findings: Anderson's counsel learned shortly after his appointment that "Sneed could not identify [Anderson]" as the shooter. Counsel thereafter requested that an investigator provided by the Hamilton County Public Defender's Office interview "Marcus Sneed, address unknown." When the investigator later reported to counsel that he had been unable to locate Sneed, counsel did not supply the investigator with the address for Sneed provided by the state in response to the defense's discovery request. Nor did counsel try to locate Sneed through a police officer who, counsel knew, had unsuccessfully tried to interview Sneed or through the Adult Parole Authority. In sum, the common pleas court found, Anderson's "counsel conducted no investigation into * * * Sneed's account of the shooting, his background, or [his] credibility." Counsel instead "formulated" a trial "strategy" that hinged upon the "hope that the [s]tate's witnesses would not appear so the case would be dismissed." When, four months later, Shawn Howard appeared on the date set for trial, Anderson's counsel secured a three-week continuance, but made no effort in that interim to locate Marcus Sneed. Then at trial, in Sneed's absence, Howard alone identified Anderson as the shooter, and Anderson's mother provided his alibi. Finally, the common pleas court found that Sneed, "one of the [few] identified witness to the shooting[,] * * * [had] credibly testified [at the postconviction hearing] that * * * Anderson [had] not [shot] Shawn Howard," and that he would have testified to that effect at Anderson's trial.
 {¶ 10} Counsel for a criminal accused has "a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." In reviewing a challenge to counsel's effectiveness, a court must assess "a particular decision not to investigate * * * for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." "In evaluating the performance of counsel, strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation."[6]
 {¶ 11} The record supports the common pleas court's finding that Anderson's counsel could have learned of and secured Sneed's exculpatory testimony but, through a lack of diligence, had failed to do so. The state had shown interest in Sneed as a witness and had provided the defense with an address for Sneed in response to the defense's discovery request. Counsel knew that Sneed was one of the few known eyewitnesses to the shooting, and that he had not, when questioned by law enforcement authorities, implicated Anderson. Counsel also knew that Sneed's reluctance to talk to the authorities had stemmed from his status as a parolee; thus, counsel might have traced Sneed through the parole authority. Yet, after counsel had dispatched the investigator with no address, and the investigator had reported that he had been unable to locate Sneed, counsel pursued no further investigative avenue that might have led to Sneed.
 {¶ 12} Counsel insisted, in his testimony at the postconviction hearing, that the decision to drop that investigative thread was a strategic one, reached in the early stages of his representation of Anderson and based on (1) Anderson's assertion that, because of "bad blood" between Anderson and Sneed's brother, Sneed's testimony might be harmful, and (2) counsel's expectation that the state's witnesses would not appear for trial. But at the time of counsel's alleged strategy session with Anderson, counsel knew that Sneed had initially declined to identify Anderson as the shooter, and he had reason to expect the state to call Sneed as a witness at trial. The prospect that Sneed, prompted by personal animus, would implicate Anderson at trial should have suggested to counsel that the matter merited some further inquiry. Moreover, counsel did not resume his investigation of Sneed, even when the defense's no-show trial strategy had been proved faulty by Shawn Howard's appearance on the initial trial date. Under these circumstances, the decision of Anderson's counsel to abandon the investigative avenues that might have led to Sneed cannot be said to have been reasonable.
 {¶ 13} This lapse in counsel's professional judgment precluded the defense from discovering and presenting at trial what the common pleas court found to be "credibl[e]" exculpatory eyewitness testimony that directly controverted the testimony of the state's sole eyewitness and bolstered Anderson's alibi defense. Thus, Anderson's petition, with the record of the proceedings at trial and at the postconviction hearing, demonstrated a deficiency in defense counsel's performance such that the trial could not be said to have reliably produced a just result.[7]
 {¶ 14} We, therefore, hold that the common pleas court properly granted Anderson's petition for postconviction relief. Accordingly, we overrule the sole assignment of error and affirm the judgment of the court below.
Judgment affirmed.
Gorman, P.J., Sundermann and Hendon, JJ.
[1] See State v. Anderson (Dec. 24, 2002), 1st Dist. No. C-010731.
[2] See State v. Anderson, 1st Dist. No. C-030382, 2004-Ohio-866.
[3] See State v. Cunningham, 3d Dist. No. 1-04-19,2004-Ohio-5892; State v. Hoffner, 6th Dist. No. L-011-281, 2002-Ohio-5201; State v. Reynolds, 7th Dist. No. 99-CO-48, 2002-Ohio-135; State v. Smith (Sept. 24, 1999), 11th Dist. Nos. 98-T-0097 and 98-T-0098; State v. Akers (Sept. 9, 1999), 4th Dist. No. 98 CA 33; State v. Isham (Aug. 23, 1995), 2d Dist. No. 15136. To the extent that our earlier decisions might have suggested that we review the disposition of a postconviction petition for an abuse of discretion, they are overruled. See, e.g., State v. Collins (Feb. 13, 1998), 1st Dist. No. C-970138.
[4] See Strickland v. Washington (1984), 466 U.S. 668, 694,104 S.Ct. 2052.
[5] State v. Powell (1993), 90 Ohio App.3d 260, 266,629 N.E.2d 13 (citing Lockhart v. Fretwell [1993], 506 U.S. 364,113 S.Ct. 838, and Strickland, supra).
[6] Strickland, supra at 690-691, 104 S.Ct. 2052.
[7] See State v. Powell, 90 Ohio App.3d at 266,629 N.E.2d 13.