[Cite as *State v. Blevins*, 2020-Ohio-6860.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-190560 |
| Respondent-Appellee, | : | TRIAL NO. B-0102447 |
| vs. | : | *O P I N I O N.* |
| CHARLES BLEVINS, | : | |
| Petitioner-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed as Modified

Date of Judgment Entry on Appeal:  December 23, 2020

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Philip R. Cummings*, Assistant Prosecuting Attorney, for Respondent-Appellee,

*Charles Blevins*, pro se.

**WINKLER, Judge.**

{¶1} Defendant-appellant Charles Blevins appeals the Hamilton County Common Pleas Court's judgment denying his 2017 petition under R.C. 2953.21 et seq. for postconviction relief. We affirm the court's judgment as modified to reflect dismissal of the petition for lack of jurisdiction.

*Procedural Posture*

{¶2} Blevins was convicted in 2002 of murder and sentenced to a prison term of 15 years to life for the 2001 stabbing death of Robert White. This court affirmed that conviction in the direct appeal. *State v. Blevins*, 1st Dist. Hamilton No. C-020068, 2002-Ohio-7335, *appeal not accepted*, 98 Ohio St.3d 1567, 2003-Ohio-2242, 787 N.E.2d 1231. In doing so, we overruled assignments of error challenging the weight and sufficiency of the evidence to support the conviction, based on the following:

> The state's evidence showed that White and Blevins interacted several times on the night of White's murder. Blevins attempted to buy drugs from White, but was refused on at least one occasion. Several witnesses heard a loud struggle in White's apartment, with a voice saying, "I want my money." Soon after, Blevins, claiming to have been robbed and shot, showed up at a friend's house needing a ride. During the ride, he was seen counting a large stack of cash with blood on it. He volunteered, "My n* * * is f * * *ed up worse than me." Police and criminalists testified that Blevins's blood was the minor DNA profile on a knife that was consistent with the fatal stab wounds on White. Blevins's blood was in the kitchen of White's apartment, outside the door in the hallway, and out on the sidewalk.

*Id.* at ¶ 15.

2

{¶3} This court also affirmed the denial of postconviction motions filed with the common pleas court in 2002, 2007, 2010, and 2014. *See State v. Blevins*, 1st Dist. Hamilton No. C-030576 (June 30, 2004), *appeal not accepted*, 103 Ohio St.3d 1493, 2004-Ohio-5605, 816 N.E.2d 1080 (affirming denial of 2002 postconviction petition); *State v. Blevins*, 1st Dist. Hamilton No. C-070905 (Nov. 26, 2008), *appeal not accepted*, 121 Ohio St.3d 1451, 2009-Ohio-1820, 904 N.E.2d 901 (affirming denial of DNA-testing application); *State v. Blevins*, 1st Dist. Hamilton Nos. C-090857, C-090858 and C-090866 (Nov. 10, 2010), *appeal not accepted*, 128 Ohio St.3d 1428, 2011-Ohio-1049, 943 N.E.2d 574 (affirming overruling of motion for leave to amend already-decided postconviction petition); *State v. Blevins*, 1st Dist. Hamilton No. C-140541 (June 10, 2015) (affirming overruling of 2014 motion for leave to file new-trial motion).

{¶4} In his 2002 postconviction petition, Blevins sought relief upon claims of ineffective assistance of counsel and prosecutorial misconduct concerning evidence that, he insisted, would have wholly exonerated him in White's death. *See Blevins*, 1st Dist. Hamilton No. C-030576. But in his 2014 motion for leave to move for a new trial, Blevins effectively conceded that he had caused White's death. He asserted that he had, since 1991, suffered from an array of "mental impairments," including posttraumatic stress disorder ("PTSD"). And he proposed to move for a new trial on the ground that his trial counsel had been ineffective in failing to investigate the apparent effects of his PTSD or to present at trial evidence showing "the relationship between [his] mental impairments and his crime." In support of his motion for leave, Blevins argued that he had been unavoidably prevented from timely filing his proposed new-trial motion, because until 2013, when he was finally properly treated for PTSD, he had suffered under the delusion that another man had killed White, and because, as a state prisoner, he continued to face hurdles in securing his mental-health records. *See Blevins*, 1st Dist. Hamilton No. C-140541.

3

*2017 Postconviction Petition*

{¶5} In January 2017, Blevins's mental-health records were released to him and were offered in support of the July 2017 postconviction petition from which this appeal derives. The petition was also supported by various items of correspondence and by affidavits made by Blevins, his mother, and a former cohabitant. That supporting evidence detailed his long-term struggles with mental illness and his efforts to obtain his mental-health records.

{¶6} Blevins argued that the supporting evidence constituted "newly discovered evidence" of his "lack of criminal responsibility" and of his trial counsel's ineffectiveness in failing to investigate and to present at trial evidence concerning his mental-health issues. Counsel, he insisted, "lost a favorable plea deal" and should have raised the matter of his competency to stand trial, challenged the order that he wear a stun belt, sought exclusion of testimony to his "prejudicial" out-of-court statements, and requested jury instructions on "blackout," "voluntary manslaughter," and "voluntary intoxication."

{¶7} The common pleas court denied the petition upon its determination that Blevins had not satisfied any of the R.C. 2953.23(A)(1) jurisdictional requirements. In this appeal, Blevins presents a single assignment of error challenging the court's failure to address his postconviction claims on the merits. We overrule the assignment of error upon our determination that the court lacked the jurisdiction to entertain the petition.

{¶8} R.C. 2953.21 et seq. confers upon a common pleas court jurisdiction to grant relief from a conviction upon proof of a constitutional violation during the proceedings resulting in that conviction. *See* R.C. 2953.21(A)(1)(a); *State v. Powell*, 90 Ohio App.3d 260, 264, 629 N.E.2d 13 (1st Dist.1993). Blevins's independent claim of actual innocence based on evidence outside the trial record did not present a substantive ground for relief under the postconviction statutes, because the claim did

not demonstrate a constitutional violation in the proceedings leading to his conviction. *See State v. Campbell*, 1st Dist. Hamilton No. C-950746, 1997 WL 5182 (Jan. 8, 1997); *see also State v. Byrd*, 145 Ohio App.3d 318, 330-331, 762 N.E.2d 1043 (1st Dist.2001) (holding that the proper vehicle for an actual-innocence claim is a Crim.R. 33 motion for a new trial). His ineffective-counsel claims were, however, cognizable under the postconviction statutes, because they sought relief based on an alleged deprivation of the right to the effective assistance of counsel, secured by the Sixth Amendment to the United States Constitution and Article I, Section 10, of the Ohio Constitution.

{¶9} But the postconviction petition was Blevins's second and was filed well after the time prescribed by R.C. 2953.21(A)(2) had expired. R.C. 2953.23 closely circumscribes the jurisdiction of a common pleas court to entertain a late or successive postconviction petition. The petitioner must show either that he was unavoidably prevented from discovering the facts upon which his postconviction claims depend, or that his claims are predicated upon a new and retrospectively applicable right recognized by the United States Supreme Court since the time for filing his petition had expired. R.C. 2953.23(A)(1)(a). And he must show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found [him] guilty of the offense of which [he] was convicted." R.C. 2953.23(A)(1)(b). If the petitioner does not satisfy those jurisdictional requirements, the petition is subject to dismissal without a hearing. *See* R.C. 2953.21(D) and (F) and 2953.23(A).

{¶10} Based upon the evidence adduced at trial, the jury found that Blevins had purposely killed White. This court determined in the direct appeal that the record disclosed "substantial and credible evidence to prove all essential elements of [murder] and to support the jury's verdict." *Blevins*, 1st Dist. Hamilton No. C-020068, 2002-Ohio-7335, at ¶ 16. And in his 2017 postconviction petition, Blevins

5

conceded that he had caused White's death. The evidence of mental illness offered by Blevins in support of his petition, while plainly probative of the issue whether Blevins had purposely killed White, was not determinative of that issue.

{¶11} The petition and its supporting evidentiary material, when considered with the trial record, cannot be said to demonstrate that, but for the claimed constitutional violations, no reasonable factfinder would have found Blevins guilty of White's murder. Thus, Blevins failed to satisfy the R.C. 2953.23(A)(1)(b) jurisdictional requirement of demonstrating an outcome-determinative constitutional violation.

*We Affirm*

{¶12} Because the common pleas court lacked jurisdiction to entertain Blevins's 2017 postconviction petition, the petition was subject to dismissal without a hearing. *See* R.C. 2953.21(D) and (F) and 2953.23(A). We, therefore, modify the court's judgment denying the petition to reflect its dismissal. *See* App.R. 12(A)(1)(a). And we affirm the judgment as modified.

Judgment affirmed as modified.

ZAYAS, P.J., and MYERS, J., concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.