[Cite as *State v. Roberson*, 2021-Ohio-1422.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-200074 |
| | | TRIAL NO. B-1804845-A |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| KEVIN ROBERSON, | : | |
| Defendant-Appellant. | : | |


Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Appeal Dismissed

Date of Judgment Entry on Appeal:   April 23, 2021


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *H. Keith Sauter*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Kevin Roberson*, pro se.

**ZAYAS, Presiding Judge.**

{¶1} Defendant-appellant Kevin Roberson appeals the Hamilton County Common Pleas Court's judgment overruling his 2020 "Motion to Vacate Void Judicial Sanction." Because we lack jurisdiction to review that judgment, we dismiss the appeal.

*Procedural Posture*

{¶2} In 2016, in the case numbered B-1505520, Roberson was convicted upon guilty pleas to attempted felonious assault and carrying a concealed weapon. The trial court imposed prison terms of "1 yr." each for attempt, its accompanying firearm specification, and carrying a concealed weapon and imposed a period of postrelease-control supervision of up to 3 years. Roberson did not appeal his convictions. Upon his release from prison in 2017, he was placed on postrelease control.

{¶3} In 2019, in the case numbered B-1804845-A, Roberson was convicted upon guilty pleas to theft and telecommunications fraud. The trial court imposed concurrent prison terms of 12 months for theft and 12 months for telecommunications fraud, along with a consecutive prison term of 18 months for violating the postrelease-control sanction imposed in the case numbered B-1505520, "for an agreed aggregate sentence of 30 months * * *." Again, Roberson did not appeal.

{¶4} In 2020, in the case numbered B-1804845-A, Roberson filed with the common pleas court the "Motion to Vacate Void Judicial Sanction" from which this appeal derives. In that motion, Roberson asked to court to vacate the prison sentence imposed in B-1804845-A for his violation of the postrelease-control sanction imposed in B-1505520. He argued that postrelease control could not have been imposed in the absence of a "valid" prison sentence, and that the "1 yr." prison terms imposed in B-1505520 for attempted felonious assault and carrying a

2

concealed weapon were void, when the statutorily authorized prison terms for those offenses were "twelve * * * months."

{¶5} The common pleas court overruled the motion upon concluding both that the court lacked jurisdiction to entertain the motion and that the motion lacked merit. In this appeal, Roberson presents a single assignment of error challenging the overruling of the motion. The challenge is untenable.

*No Jurisdiction*

{¶6} In his "Motion to Vacate Void Judicial Sanction," Roberson asked the common pleas court to vacate as void the prison term imposed in 2019 for violating the postrelease-control sanction imposed in 2016. He argued that the 2019 postrelease-control violation was based on the unauthorized postrelease-control portions of the unauthorized sentences imposed in 2016 for attempt and concealed carry. In this appeal, he challenges the common pleas court's denial of relief on that basis. We conclude that the common pleas court had no jurisdiction to entertain the motion, and that this court has no jurisdiction to review the judgment overruling the motion.

{¶7} *No common pleas court jurisdiction.* Roberson failed to designate in his "Motion to Vacate Void Judicial Sanction" a statute or rule under which the relief sought might have been afforded. Thus, the common pleas court was left to "recast" the motion "into whatever category necessary to identify and establish the criteria by which the motion should be judged." *See State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12 and syllabus.

{¶8} But the common pleas court could not have afforded Roberson the relief sought in his motion pursuant to any postconviction procedure provided by statute or rule. The motion was not reviewable by the court under the standards provided by R.C. 2953.21 et seq., governing the proceedings upon a petition for postconviction relief, because the motion did not seek relief based on a constitutional violation

3

during the proceedings resulting in Roberson's convictions. *See State v. Powell*, 90 Ohio App.3d 260, 264, 629 N.E.2d 13 (1st Dist.1993) (citing R.C. 2953.21(A)(1) to hold that "the violation upon which [a postconviction] petitioner relies to establish his right to relief must be of constitutional dimension, and it must have occurred at the time the petitioner was tried and convicted of a criminal offense"). The motion was not reviewable under Crim.R. 33 as a motion for a new trial, because the convictions in both cases were upon guilty pleas. And the motion was not reviewable under Crim.R. 32.1, when the motion did not seek to withdraw those guilty pleas. Nor was the motion reviewable under R.C. Chapter 2731 as a petition for a writ of mandamus, under R.C. Chapter 2721 as a declaratory judgment action, or under R.C. Chapter 2725 as a petition for a writ of habeas corpus, because the motion did not satisfy those statutes' procedural requirements. *See* R.C. 2731.04, 2721.12(A), and 2725.04. And Crim.R. 57(B) did not require the common pleas court to entertain the motion under Civ.R. 60(B), because Roberson's sentences were reviewable under the procedures provided for a direct appeal.

{¶9} Nor could the common pleas court have corrected Roberson's sentences under its jurisdiction to correct a void judgment. Those sentences are not void because the trial court, in imposing sentence, acted with personal and subject-matter jurisdiction. *See State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776, ¶ 43 (holding that an error in a sentence imposed by a court with personal and subject-matter jurisdiction is voidable, not void, and the voidable sentence may not be challenged in a postconviction motion).

{¶10} Because the common pleas court had no jurisdiction to entertain the motion, the court should have dismissed the motion. Therefore, the court cannot be said to have erred in declining to grant the relief sought in the motion.

{¶11} *No court of appeals jurisdiction.* Moreover, Article IV, Section 3(B)(2) of the Ohio Constitution confers upon an appellate court only "such

jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district * * *." No law provides this court with jurisdiction to review the common pleas court's judgment denying the relief sought in Roberson's "Motion to Vacate Void Judicial Sanction."

{¶12} A court of appeals has jurisdiction under R.C. 2953.02 or 2953.08 to review a judgment of conviction entered in a criminal case. Here, Roberson does not appeal the 2016 and 2019 judgments of conviction imposing the sentences challenged in his motion. He appeals the entry denying him the relief sought in his postconviction motion seeking an order vacating those sentences. That entry is not reviewable under the statutory grant of jurisdiction to review a criminal conviction.

{¶13} A court of appeals also has jurisdiction under R.C. 2953.23(B) to review an order awarding or denying postconviction relief. But as we determined, Roberson's motion was not reviewable by the common pleas court under the postconviction statutes. In turn, the entry overruling that motion was not appealable under R.C. 2953.23(B).

{¶14} Finally, a court of appeals has jurisdiction under R.C. 2505.03(A) to review and affirm, modify, or reverse the "final order, judgment or decree" of an inferior court. R.C. 2505.02 identifies four types of "final order[s]" pertinent to our analysis here: an order that "affects a substantial right" and is entered (1) "in *an action*" and "in effect determines the action and prevents a judgment," (2) "in a special [statutory] *proceeding*" that "prior to 1853 was not denoted as an action at law or a suit in equity," or (3) "upon a summary application in an *action* after judgment"; and (4) an order that "grants or denies a provisional remedy," entered in *"a proceeding ancillary to an action,"* if the order "in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy," and "[t]he appealing

5

party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action." (Emphasis added.) R.C. 2505.02(A) and (B)(1), (2) and (4).

{¶15} Thus, R.C. 2505.02 defines a "final order" for purposes of the grant of jurisdiction under R.C. 2505.03 as an order entered in a pending "action" or "proceeding" or "upon a [postjudgment] summary application." As we determined, the common pleas court should have dismissed Roberson's motion for lack of jurisdiction, because the motion was not reviewable pursuant to any postconviction procedure provided by statute or rule or under the jurisdiction to correct a void judgment. Thus, the common pleas court's entry denying the relief sought in the motion was not entered "in an action," "in a special [statutory] proceeding," "in a proceeding ancillary to an action," or "upon a [postjudgment] summary application." *See* R.C. 2505.02(B)(1), (2) and (4). Accordingly, the entry is not a "final order" reviewable by this court under the jurisdiction conferred by R.C. 2505.03(A), to review and affirm, modify, or reverse a "final order, judgment or decree."

## *Appeal Dismissed*

{¶16} This court has no jurisdiction to review the common pleas court's judgment overruling Roberson's "Motion to Vacate Void Judicial Sanction." Accordingly, we dismiss this appeal.

Appeal dismissed.

**BERGERON** and **BOCK, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.