[Cite as *State v. Maddox*, 2021-Ohio-1710.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-190573 |
| | | TRIAL NOS. B-0409448 |
| Respondent-Appellee, | : | B-0609678 |
| vs. | : | *O P I N I O N.* |
| CLARENCE MADDOX, | : | |
| Petitioner-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed as Modified

Date of Judgment Entry on Appeal:  May 19, 2021

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Judith Anton Lapp*, Assistant Prosecuting Attorney, for Respondent-Appellee,

*Clarence Maddox*, pro se.

SUNDERMANN, **Judge.**

{¶1}   Defendant-appellant Clarence Maddox appeals the Hamilton County Common Pleas Court's judgment denying his 2019 petitions under R.C. 2953.21 et seq. for postconviction relief.  We affirm the court's judgment as modified to reflect the dismissal of the petitions for lack of jurisdiction.

*Procedural Posture*

{¶2}   In 2007, Maddox was convicted on six counts of rape, following the joint trial of offenses charged in the indictments returned in the cases numbered B-0409448 and B-0609678.  This court affirmed those convictions in the direct appeal. *State v. Maddox*, 1st Dist. Hamilton Nos. C-070482 and C-070483, 2008-Ohio-3477, *appeal not accepted*, 122 Ohio St.3d 1507, 2009-Ohio-4233, 912 N.E.2d 110.

{¶3}   In 2008, Maddox challenged his convictions by filing in each case a postconviction petition.   In his petitions, he challenged the admissibility and sufficiency of evidence presented to the grand jury and at trial and alleged misconduct on the part of the prosecution with respect to that evidence.   The common pleas court dismissed those petitions.  Maddox did not appeal.

{¶4}   In 2019, Maddox filed the postconviction petitions from which this appeal derives.   In each petition, he sought relief from his convictions on nine grounds, each alleging a denial of due process as a consequence of "prosecutor vindictiveness" and/or "fraud on the court."   He asserted that the assistant prosecuting attorney who had prosecuted him on robbery and gun charges in 2002 and 2003, acting out of "vindictiveness" over the dismissal of those charges, had "jumped" on the rape case charged in his 2004 indictment, had caused the return of his 2006 indictment, and had engaged in multiple instances of prosecutorial misconduct before and during his 2007 trial.  He argued that he had not known until May 2018 that the assistant prosecuting attorney had also unsuccessfully prosecuted him in 2002 and 2003 or that evidence of prosecutor vindictiveness and fraud on the court "could be used" to challenge his convictions.  And he argued that, but for the

alleged due-process violations, "no reasonable judge or jury would have found [him] guilty of [the charges in the 2006] indictment because [that indictment] would not [have] exist[ed] or made it to trial or [he] could have fought it on appeal."

{¶5}   In this appeal, Maddox presents two assignments of error that may fairly be read together to challenge the denial of the relief sought in his 2019 postconviction petitions.   We overrule the assignments of error upon our determination that the court had no jurisdiction to entertain the petitions.

{¶6}   The postconviction statutes, R.C. 2953.21 et seq., confer upon a common pleas court jurisdiction to grant relief from a conviction upon proof of a constitutional violation during the proceedings resulting in that conviction.  *See* R.C. 2953.21(A)(1)(a); *State v. Powell*, 90 Ohio App.3d 260, 264, 629 N.E.2d 13 (1st Dist.1993).  Maddox had, in 2008, unsuccessfully sought relief from his convictions under the postconviction statutes.  And he filed his 2019 postconviction petitions well after the time prescribed by R.C. 2953.21(A)(2) had expired.

{¶7}   R.C. 2953.23 closely circumscribes the jurisdiction of a common pleas court to entertain a late or successive postconviction petition.  The petitioner must show either that he was unavoidably prevented from discovering the facts upon which his postconviction claims depend, or that his claims are predicated upon a new and retrospectively applicable right recognized by the United States Supreme Court since the time for filing his petition had expired.  R.C. 2953.23(A)(1)(a).  And he must show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found [him] guilty of the offense of which [he] was convicted * * *."  R.C. 2953.23(A)(1)(b).  If the petitioner does not satisfy the R.C. 2953.23(A)(1) jurisdictional requirements, the petition is subject to dismissal without a hearing.  *See* R.C. 2953.21(D) and (F) and 2953.23(A).

{¶8}   In affirming Maddox's rape convictions in the direct appeal, this court overruled an assignment of error challenging the legal sufficiency of the evidence supporting those convictions and the balance struck by the jury in weighing that

evidence. Specifically, we determined that "the victim's testimony, her statements to investigators and medical personnel, and the testimony of Dr. Shapiro supported the jury's finding of sexual conduct under R.C. 2907.01(A)"; that the evidence was sufficient to prove the element of force; and that despite "certain inconsistencies in the victim's testimony about the time and place of the sexual assaults," the jury could not be said to have lost its way in finding Maddox guilty of rape. *Maddox*, 1st Dist. Hamilton Nos. C-070482 and C-070483, 2008-Ohio-3477, at ¶ 23-30. The due-process violations alleged in Maddox's 2019 postconviction petitions, if demonstrated, would in no way alter that assessment. Thus, the petitions and supporting evidentiary material, when considered with the trial record, cannot be said to demonstrate that, but for the claimed constitutional violations, no reasonable factfinder would have found Maddox guilty of rape. Therefore, Maddox failed to satisfy the R.C. 2953.23(A)(1)(b) jurisdictional requirement of demonstrating an outcome-determinative constitutional violation during the proceedings leading to his convictions.

*We Affirm*

{¶9} Because the common pleas court had no jurisdiction to entertain Maddox's 2019 postconviction petitions, the petitions were subject to dismissal without a hearing. *See* R.C. 2953.21(D) and (F) and 2953.23(A). We, therefore, modify the court's judgment denying the petitions to reflect their dismissal. *See* App.R. 12(A)(1)(a). And we affirm the judgment as modified.

Judgment affirmed as modified.

ZAYAS, P.J., and BERGERON, J., concur.

J. HOWARD SUNDERMANN, retired, from the First Appellate District, sitting by assignment.

Please note:

The court has recorded its own entry on the date of the release of this opinion.

4